## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTOINE HARRIS, et al.,

        Plaintiffs,

v.                                                        Case No. 08-CV-12374

DENISE GERTH, et al.,

        Defendants.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFFS' OBJECTIONS, (2) ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DISMISSING CERTAIN PLAINTIFFS, (4) DIRECTING PLAINTIFF PERCIVAL TO FILE AN AMENDED COMPLAINT, AND (5) TERMINATING PENDING MOTIONS**

Before the court is a prisoner civil rights action, filed under 42 U.S.C. §§ 1983, 1985, and 1986.  Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R&R"), recommending this court dismiss one claim, sever many of the Plaintiffs, and transfer some of the Plaintiffs severed cases to the Western District of Michigan.  Plaintiffs filed timely objections.  For the reasons stated below, the court will overrule Plaintiffs' objections, adopt in part and reject in part the magistrate judge's R&R, dismiss all the Plaintiffs except Plaintiff Percival, direct Plaintiff Percival to file an amended complaint, and terminate the motions currently pending before the court.

### I.  BACKGROUND

Plaintiffs filed their complaint on June 4, 2008, asserting a variety of civil rights violations, actionable under  42 U.S.C. §§ 1983, 1985, and 1986.  (Pls.'s Compl. at 2.) The complaint's caption lists twenty-seven Plaintiffs, its signature page lists twenty-five

Plaintiffs,[1] and it is signed only by Plaintiff Harris.  In an apparent effort to afford

Plaintiffs' *pro se* complaint a liberal reading, the clerk's office added six plaintiffs

mentioned in the complaint, but not listed in the case caption.[2]  (Dkt. #1, 2.)  Plaintiffs

did not pay the initial filing fee, nor did they file any applications to proceed without the

prepayment of fees, pursuant to 28 U.S.C. § 1915(a).  (R&R at 1.)  On June 19, 2008,

this court ordered each plaintiff to file a motion to proceed without prepayment of fees

within thirty days of the order.  (06/19/08 Order.)  On August 6, 2008, the court

dismissed nine Plaintiffs who had not filed the requested motion.[3]  Thus, there are

twenty-four plaintiffs still before the court on the original complaint.[4]

      The court referred all pretrial matters to Magistrate Judge Hluchaniuk.  (08/14/08

Order.)  After a number of filings by Plaintiffs, both in their individual capacities and as a

group, the magistrate judge issued an R&R (10/15/08 R&R), and an order holding all

motions in abeyance until this court ruled on the R&R.  (10/15/08 Order.)  The

magistrate judge logically organized the Plaintiffs' claims into five categories : (1) legal

mail, access to courts, and related personal property claims, (2) claims against

Defendants Prison Legal Services of Michigan, Inc. ("PLSM") and Sandra Girard, (3)

---

[1] Plaintiffs Coleman-Bey, Massey, and Mosely are included in the complaint's caption but not its signature page.

[2] Plaintiffs Andrews, Buhovecky, Johnny Jackson, Lindsey, Mease, and Meddor were mentioned in the complaint, but were not listed in the case caption.

[3] Plaintiffs Cromer, Denham-Bery, Embroy, Holland, Hudson, King, Massey, Mease, and Meddor were dismissed.  (08/06/08 Order.)

[4] Before the court are Plaintiffs Adams, Anderson, Anthony, Bannerman, Buhovecky, Butts, Carney, Carswell, Coleman-Bey, Echols, Fuller, Gordon, Hairston, Harris, Humbert, Johnny Jackson, Tyrone Jackson, Lindsey, Little, Massey, Mosely, Patton, Percival, and Reed.

mattress claims, (4) unconstitutionally vague disciplinary rule claims, and (5) religious diet claims.  (R&R at 29-30.)  He then recommended all Plaintiffs be severed, and that they refile their claims, under new case numbers, for categories (1) and (3).  The magistrate judge also recommended, because only Plaintiff Percival asserted a claim under category (4), that he be severed, assigned a new case number, and given time to file an amended complaint for that claim.  Further, the magistrate judge suggested that six plaintiffs who asserted a claim under category (5) be severed as a group, and required to file an amended complaint.  Finally, the magistrate judge recommended that the claim under category (2) be dismissed as a failing to comply with Federal Rule of Civil Procedure 8(a).  (R&R at 29-30.)  Plaintiffs filed timely objections, disputing the magistrate judge's characterization of their ability to comply with Federal Rule of Civil Procedure 11, arguing that venue is proper for their claims, proposing a different plan for severance, and objecting to the dismissal of their category (2) claim.  Nineteen days later Plaintiffs filed, without leave of the court, amended objections and an amended complaint.[5]

---

[5]  Plaintiffs, in attempting to amend their complaint, point to Federal Rule of Civil Procedure 15, which they claim allows them "to amend once as a matter of course." (Amend. Objs. at 3.)  Rule 15 does allow such an amendment, but only if it occurs at "any time before a responsive pleading is served . . . ."  Fed. R. Civ. P. 15(a).  Here, at least one defendant served a answer October 14, 2008, well before Plaintiffs filed their amended complaint.  Plaintiffs therefore need "leave of the court or . . . written consent of the adverse party," neither of which were sought here.  Moreover, in light of the solution outlined within, an amendment to Plaintiffs' complaint, as a group, would be inappropriate at this time.

## II.  STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that

4

"[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### III.  DISCUSSION

### A.  Misjoinder of Parties

Because there are twenty-four Plaintiffs remaining,[6] and twenty-seven Defendants named in the complaint, this matter necessarily raises issues of the joinder of parties.  The magistrate judge applied the correct standard in examining the joinder of the parties, and provided a thoughtful and detailed analysis of that standard as it applies to these parties.  (R&R at 7-11.)  To ensure that all parties consider this analysis in any future or refiled pleadings, the court now summarizes the magistrate judge's analysis.

Federal Rule of Civil Procedure 20(a)(1) allows the permissive joinder of plaintiffs in a single action, if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[6]  As of the date of this order, these twenty-four Plaintiffs reside at seven different prisons located in either the Eastern or Western judicial districts of Michigan.

5

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  Likewise, defendants may be joined into a single action if:

>    (A) any right to relief is asserted against them jointly, severally, or in the
>
>    alternative with respect to or arising out of the same transaction, occurrence, or
>
>    series of transactions or occurrences; and
>
>    (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Thus, as the magistrate judge noted, when joining either multiple plaintiffs or multiple defendants in a single action, the two-part test of either Rule 20(a)(1) or 20(a)(2) must be met.  (R&R at 6-7.)

In considering whether joinder should be permitted, the court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  This impulse, however, does not provide a plaintiff – or plaintiffs – free license to join multiple, defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Nor can multiple plaintiffs pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background, giving rise to their "mutual" cause of action.  *Coughlin*, 130 F.3d at 1350; *Abdelkarim v. Gonzales*, No. 06-14436, 2007 WL 1284924, *4-5 (E. D. Mich. Apr. 30, 2007).  The limitations of joining multiple plaintiffs and defendants in a single lawsuit are often compounded where the plaintiffs are prisoners.  *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *5 (D. N.J. Jun.

6

23, 2008) ("Among the difficulties . . . are the need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  These courts also have noted that jail populations are notably transitory, making joint litigation difficult.") (collecting cases).

Here, the multitude of both plaintiffs and defendants cautions against permitting the joinder of parties under Federal Rule of Civil Procedure 20(a).  There are now twenty-four plaintiffs, asserting five categories of complaints: (1) legal mail, access to courts, and related personal property claims, (2) claims against Defendants PLSM and Girard, (3) mattress claims, (4) unconstitutionally vague disciplinary rule claims, and (5) religious diet claims.  (R&R at 29-30.)  Plaintiffs' claims in categories (1) and (5) have clear different factual backgrounds.  For example, in category (1), different plaintiffs claim their access to the court was disrupted, via the handling of mail, on different dates, by different perpetrators, at different locations.[7]  In category (5), only nine of the remaining twenty-four plaintiffs claim they were denied their religious diet.  (Pls.'s Compl. at 60.)  These nine prisoners are located at four different prisons, and therefore eat in different facilities, at different times, and are supervised by different defendants. It is clear to the court that Plaintiffs' claims under categories (1) and (5) do not pass the

_____

[7]  As a single illustration, in category (1), Plaintiffs argue that "Plaintiff Percival . . . avers that Defendants Smith and Caruso's policies caused Maynard to open Percival's legal mail . . . " (Pls.'s Compl. at 60), while also contending, "Plaintiff Humbert . . . avers that Defendant Derusha . . . did give Plaintiff Humbert's incoming mail . . . to another prisoner to punish Humbert . . . ." (*Id.* at 71.)  At the time of the complaint, Plaintiffs Percival and Humbert were at different prison locations, as were the Defendant employees and administrators implicated.

two-part test of Rule 20(a)(1), and the Plaintiffs asserting these claims are therefore improperly joined.

Plaintiffs' causes of action in category (2) can be summarized as asserting that Defendants PLSM and Girard engaged in a conspiracy to deprive Plaintiffs of "equal protection" and "access to court." (Pls.'s Compl. at 76-77.) This alleged denial of rights stems from Defendants PLSM and Girard conspiring to "act in concert with state agents to defraud and strip Plaintiff's from obtaining fair and enforceable settlement agreement by entering into agreements in the form of Policy Directives which gave the state agent Defendants unilateral discretion . . . . " (*Id.*) Such a conspiracy, centered around a settlement agreement, is not transactionally related to claims of unauthorized mail access or denial of religious meals, among others. "A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner." *George*, 507 F.3d at 607. Here, Plaintiffs claim very different things, which do not arise under the same transaction, are not asserted against all Defendants jointly and severally, and do not involve any common question of law or fact.[8] As such, the defendants as named in claims under category (2) are misjoined in the action.

In category (3), Plaintiffs allege that approximately five of the twenty-seven Defendants used a shared prison policy to unlawfully deprive Plaintiffs of their

---

[8] While the other categories of claims are analyzed here as demonstrating the misjoinder of plaintiffs, under Rule 20(a)(1), the analysis for "buckshot complaints" could be applied to analyze the misjoinder of defendants under Rule 20(a)(2), and would reach the same result, where the rule requires that "any question of law or fact [must be] common to all defendants . . . in the action." Fed. R. Civ. P. 20(a)(2)(B).

mattresses.  (Pls.'s Compl. at 77-78).  Similar to claims of mail or religious meals
though, each Plaintiff has a different factual predicate that would necessarily lead to the
deprivation of their cell mattress, including different policy-enforcement, at different
prisons, at different times.  Thus, the joined Plaintiffs do not assert any question of law
or fact that is common to them all.  Fed. R. Civ. P. 20(a)(1).  Therefore, Plaintiffs, as
organized under category (3), are misjoined.

Finally, in category (4), Plaintiffs argue four Defendants have imposed a vague
and ambiguous discipline policy, to Plaintiffs' detriment.  (Pls.'s Compl. at 78-79).  Again
though, each Plaintiff has been disciplined at a different time, often for a different
offense, and by a different defendant, resulting in a different punishment.  The Plaintiffs
fail to assert the kind of common legal or factual question, contemplated under Rule
20(a)(1), to justify their joinder in a single action.  On the whole, the court therefore
agrees with the magistrate judge's R&R to the extent that he concluded that the parties,
as currently maintained, are misjoined under Rule 20(a).  (R&R at 12.)

### B.  Remedy for Misjoinder

Federal Rule of Civil Procedure 21 provides the remedy for the misjoinder of
parties.  The magistrate judge's R&R recommended, relying on Rule 21, that the
Plaintiffs be severed, provided new case numbers, and allowed to file amended
complaints.  (R&R at 12.)  Another solution exists, however, that, in the discretion
provided this court, *Michaels Bldg. Co. v. Ameritrust Co, N.A.*, 848 F.2d 674, 682 (6th
Cir. 1988), will more effectively advance the litigation.  While the misjoinder of parties is
not sufficient to dismiss an action as a whole, Fed. R. Civ. P. 21, it can be sufficient to
dismiss misjoined parties, *id.* ("Parties may be dropped . . . by order of the court . . . of

its own initiative at any stage of the action and on such terms as are just."); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *Carney v. Treadeau*, No. 07-CV-83, 2008 WL 485204, *2 (W.D. Mich. Feb. 19. 2008) (In the event of misjoinder, "the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'") (internal quotation omitted).

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In the current case, Plaintiffs bring causes of action under 42 U.S.C. §§ 1983, 1985, and 1986. (Pls.'s Compl. at 2.) In Michigan, the statute of limitations for a § 1983 or § 1985 cause of action is three years. *Fitts v. Burt*, No. 05-73112, 2008 WL 842705, *3 (E.D. Mich. Jan. 24, 2008) (discussing statute of limitations for § 1983 claim); *Bates v. Colony Park Ass'n*, 393 F. Supp. 2d 578, 591 (E.D. Mich. 2005) (discussing statute of limitations for civil conspiracy in context of civil right violations, analogous to § 1985 conspiracy); *Massey v. Int'l Union*, 462 F. Supp. 2d 780, 785 (E.D. Mich. 2006). A § 1986 cause of action must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. Importantly, however, "Michigan law provides for tolling of

10

the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Because the court will only dismiss Plaintiffs, pursuant to Federal Rule of Civil Procedure 21, without prejudice, the time during which the current suit was pending will thus toll the statute of limitations for a §§ 1983, 1985, or 1986 claim.[9]  Thus, because Plaintiffs will not suffer the gratuitous harm inherit in an inability to refile an otherwise timely suit, the court will exercise its discretion under Rule 21 and dismiss all Plaintiffs, save one, without prejudice.[10]

### C.  Remaining Plaintiff

Federal Rule of Civil Procedure 21 prohibits the complete dismissal of an action for misjoinder, and such dismissal would not be warranted here.  Instead, the court will dismiss all the misjoined Plaintiffs, and choose one "lead" Plaintiff who is permitted to remain under the current case number.  Plaintiffs offer Percival and Coleman-Bey as the individuals tasked with preparing any responses.  (Pls.'s Objs. at 2.)  Further, Percival is listed as an aggrieved individual in the vast majority of Plaintiffs' sixty-seven causes of action.  Perhaps most importantly, Percival's individual causes of action constitute over one-quarter of the total number of causes of action in the original

---

[9]  The court takes no position on the overall timeliness of any Plaintiff's claims, were they to be refiled as a new complaint after this dismissal.  The court only notes that, were time remaining in the applicable one- or three-year statute of limitations before this suit was filed, the current dismissal without prejudice would preserve a Plaintiff's ability to refile the suit, but only for the time period that still remains.

[10]  Nor is this solution particularly troublesome to Plaintiffs, who, in objecting to the magistrate judge's recommendation to sever the parties, state "[a]ll other plaintiffs will refile, if necessary, and all defendants can be dropped except Caruso, Gerth, Girard, and PLSM, if necessary."  (Pls.'s Amend. Objs. at 4.)

complaint.  (Pls.'s Compl. at ¶¶ 6-14, 17-18, 20, 23, 27, 29-30, 33, 67.)  Therefore, the

court finds that Plaintiff Percival should be deemed the "lead" Plaintiff and allowed to

remain, as an individual, under this case number.  In light of the above, however,

Plaintiff Percival will be required to submit an amended complaint asserting only those

claims properly joined, not only pursuant to the discussion herein regarding joinder of

parties, but also pursuant to Federal Rules of Civil Procedure 8 (providing for a "short

and plain statement of the claim") and 18 (governing the proper joinder of claims).[11]

In light of the dismissals here, the court takes no current position on the correct

venue for Plaintiff Percival's, or any of the dismissed Plaintiffs', filings.  The court does

caution all Plaintiffs, though, to review the magistrate judge's discussion of proper

venue.  (R&R at 28.)  Plaintiffs should be mindful that "venue in a federal question case

lies in the district in which any defendant resides of in which a substantial part of the

events or omissions giving rise to the claim occurred."  (*Id.*); 28 U.S.C. § 1391(b).[12]

### D. Plaintiffs' Objections to the R&R

---

[11]  This advice holds true for any Plaintiff who seeks to refile an individual complaint after this dismissal.  The court expresses no definitive conclusion as to whether any dismissed party would be properly joined with any party in a new complaint.  But, based on the facts as stated in the current complaint, the court is inclined to conclude that many claims would not be properly joined together, and that an attempt to join many of the dismissed parties into a single, subsequent complaint would be inappropriate under the Federal Rules of Civil Procedure.  *See, supra* note 8.  In fact, the court is inclined to reason that these Plaintiffs may require as many separate complaints as there are Plaintiffs to comply with the Federal Rules.

[12]  The court specifically cautions Plaintiff Percival that, pursuant to 28 U.S.C. § 1391(b), the Western District of Michigan appears to have proper venue for his claims. In light of the amended complaint Plaintiff Percival is required to file, however, the court will reserve judgment until reviewing his amended complaint.

Plaintiffs filed timely objections, raising seven objections.  First, Plaintiffs argue that their various locations produce no difficulty in complying with the requirement that each Plaintiff individually sign any pleading or motion.  (Pls.'s Objs. at 1-2.)  But Plaintiffs' objection demonstrates the very difficulty, and complexity of process, that cautions against this type of multiple prisoner joinder.  Plaintiffs state they can comply by "simply walking to [the] library, or submitting a kite for those in seg, and submitting the signature page to the staff attorney or librarian, it could then be faxed to the prison where Percival and Coleman-Bey reside – Marquette." (*Id.*)  Plaintiff also argue that if a single Plaintiff were to become unavailable, "each plaintiff has already agreed in writing that Percival and/or Coleman-Bey can sign their names to a pleading . . . ." (*Id.*)  Thus, as the *Boretsky* court cautioned, a prisoner-plaintiff could very easily be held to a litigation decision, via pleading or motion, that he had no part in making.  Upon *de novo* review, the court is convinced that the magistrate judge was correct in concluding that the unique situation of prisoners, located in a variety of locations, produces special litigation problems.

Plaintiffs also object that neither this court nor any of the Defendants raised any joinder issue regarding the mail claims before this point.  (Pls.'s Objs. at 3.)  The simple fact that litigation has progressed to this point without the issue of joinder being addressed is no bar for the court to address it now.  Fed. R. Civ. P. 21.  Plaintiffs raise no legal authority for this court to conclude otherwise.

Plaintiffs' third objection, though mysteriously titled "[a] finding of PLSM Jurisdiction Alters R&R," argues that "[j]urisdiction and venue are proper as to all twelve defendants . . . ." (Pls.'s Objs. at 3-4.)  Because the court now dismisses all Plaintiffs,

13

except Percival, there is no need to address the proper venue for refiled claims.
Instead, the court reminds all Plaintiffs to pay special attention to the magistrate judge's
analysis of proper venue, (R&R at 28), and the language of 28 U.S.C. § 1391(b),
governing venue.

Plaintiffs' next objection purports to object to the manner of severance the
magistrate judge recommended, but only asserts "[t]he magistrate's idea is not a bad
one, *if and only if*, the court determines that it lacks jurisdiction." (Pls.'s Objs. at 4)
(emphasis in original).  Because the court does not now adopt that portion of the R&R
recommending severance, this objection is moot.  Likewise, Plaintiff's fifth objection
argues that venue is proper for all severed Plaintiffs.  This objection is moot.

Next, Plaintiffs objects to the magistrate judge's recommendation to dismiss
Plaintiffs' claims under category (2), against Defendants PLSM and Girard.  (*Id.* at 5.)
Because the only remaining Plaintiff, Percival, is now required to file an amended
complaint, it is not yet clear whether he will retain the claims in this category.  As such,
the court overrules this objection as it is no longer properly before the court.

Finally, Plaintiffs argue that the religious diet claims of Adams, Carswell, and
Anthony are in the proper venue.  (*Id.*)  These Plaintiffs are dismissed, without
prejudice, and therefore this objection is moot.

### E.  Pending Motions

There are six motions pending before the court.  Because the court now
dismisses all Plaintiffs except Plaintiff Percival, the court will not resolve the motions,
some of which implicate Plaintiffs no longer in this litigation.  The court will terminate the

pending motions without prejudice, preserving Plaintiff Percival's or any Defendant's right to refile a pending motion, should the party see fit.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that "Plaintiffs' Objections to Magistrate's Report and Recommendation to Sever and Transfer" [Dkt. # 136] are OVERRULED.   The magistrate judge's Report and Recommendation [Dkt. # 122] is ADOPTED in part and REJECTED in part.  Specifically, it is adopted to the extent that it recommends that Plaintiffs and Defendants are misjoined under Federal Rule of Civil Procedure 20(a).

IT IS FURTHER ORDERED that all Plaintiffs, except Plaintiff Leon Percival, are DISMISSED without prejudice.[13]  Plaintiff Leon Percival IS DIRECTED to filed an amended complaint, asserting his individual claims, against parties properly joined, and in compliance with the analysis contained in this order, on or before **Friday, January 30, 2009**.  Plaintiff Percival is cautioned that if an amended complaint is not received on or before **January 30, 2009**, this case will be dismissed.

Finally, IT IS ORDERED that all pending motions, currently on the docket, are TERMINATED as moot without prejudice.

 S/Robert H. Cleland                                     
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

[13]  In the event that any dismissed Plaintiff seeks to refile his individual claims as a new complaint, he is reminded that any petition to proceed without prepayment of fees was granted as to this case number only.  If a Plaintiff wishes to submit a new complaint without prepayment of fees, he will need to submit a new petition, including required documentation, as part of his new complaint.

Dated:  December 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 30, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522