UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE HARRIS, et al.,

    Plaintiffs,

v.                                         Case No. 08-CV-12374

DENISE GERTH, et al.,

    Defendants.
                                   /

**OPINION AND ORDER (1) DISMISSING CERTAIN DEFENDANTS, (2) CERTAIN COUNTS OF PLAINTIFF'S "FIRST AMENDED COMPLAINT", AND (3) DIRECTING THE CLERK OF COURT TO AMEND THE CAPTION**

Before the court is a prisoner civil rights action, filed under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. By order of this court all Plaintiffs, except Plaintiff Leon Percival, were dismissed for misjoinder. (12/30/08 Order.) Percival was directed to file an amended complaint including only his personal claims and was specifically cautioned to be mindful of the federal rules governing joinder of parties and proper venue upon amendment. Percival filed a timely amended complaint on January 29, 2009. For the reasons stated below, the court will dismiss all but two Defendants named in Percival's amended complaint.

## I. DISCUSSION

### A. Misjoinder of Parties

Percival's amended complaint includes nineteen counts implicating eleven Defendants. Federal Rule of Civil Procedure 20(a)(2) allows the permissive joinder of defendants in a single action, if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). Thus, to join multiple defendants in a single action, a two-part test must be satisfied.

In considering whether joinder should be permitted, the court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

Here, Percival includes nineteen causes of action, which include allegations of Defendants' misconduct as varied as denying Percival access to courts, racketeering, religious discrimination against Percival, and the enforcement of vague disciplinary rules. Such variance in claims cannot be said to present "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). This especially true where the population of defendants named for each cause of action varies from two, in Count 19,

to ten, in Count 9. The wide variety of causes of action and the variable number of defendants named in each presents the kind of "buckshot complaint that . . . should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

### B.  Remedy for Misjoinder

Federal Rule of Civil Procedure 21 provides the remedy for the misjoinder of parties, with the discretion to implement that remedy vested in this court. *Michaels Bldg. Co. v. Ameritrust Co, N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). While the misjoinder of parties is not sufficient to dismiss an action as a whole, Fed. R. Civ. P. 21, it can be sufficient to dismiss misjoined parties, *id.* ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *Carney v. Treadeau*, No. 07-CV-83, 2008 WL 485204, *2 (W.D. Mich. Feb. 19. 2008) (In the event of misjoinder, "the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'") (internal quotation omitted).

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). Such gratuitous harm can exist if, because of the dismissal, a party loses the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the

dismissal is with prejudice.  *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In the current case, Percival brings causes of action under 42 U.S.C. §§ 1983, 1985, and 1986.[1]  (Pl.'s Amend. Compl. at 3.)  In Michigan, the statute of limitations for a § 1983 or § 1985 cause of action is three years.  *Fitts v. Burt*, No. 05-73112, 2008 WL 842705, *3 (E.D. Mich. Jan. 24, 2008) (discussing statute of limitations for § 1983 claim); *Bates v. Colony Park Ass'n*, 393 F. Supp. 2d 578, 591 (E.D. Mich. 2005) (discussing statute of limitations for civil conspiracy in context of civil right violations, analogous to § 1985 conspiracy); *Massey v. Int'l Union*, 462 F. Supp. 2d 780, 785 (E.D. Mich. 2006).  A § 1986 cause of action must be "commenced within one year after the cause of action has accrued."  42 U.S.C. § 1986.  Importantly, however, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice."  *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).  Because the court is only dismissing Defendants, pursuant to Federal Rule of Civil Procedure 21, without prejudice, the time during which the current suit was pending will thus toll the statute of limitations for a §§ 1983, 1985, or 1986 claim.  Therefore, because Percival will not suffer the gratuitous harm inherit in an inability to refile an otherwise timely suit, the court will exercise its discretion under Rule 21 and dismiss all Defendants, save two, without prejudice.

---

[1] Percival states he is bringing suit under 42 U.S.C. § 1981 as well, (Pl.'s Amend. Compl. at 3) but does not discuss the statute further under any individual cause of action.  Therefore, the court does not now address the statute of limitation consequences of a cause of action under § 1981.

4

**C.  Remaining Defendants**

Federal Rule of Civil Procedure 21 prohibits the complete dismissal of an action for misjoinder, and such dismissal would not be warranted here.  Instead, the court will dismiss all the misjoined Defendants and retain the two Defendants who are properly joined and before this court.[2]  A majority of Percival's claims arise from an alleged settlement agreement obtained in Michigan state court.  Defendant Sandra Girard "was appointed to represent [Percival]" in that litigation.  (Pl.'s Amend. Compl. at 5.)  Percival also alleges Girard was the director of Defendant Prison Legal Services of Michigan ("PLSM").  (*Id.* at 6.)  That being the case, it is plausible that Percival's causes of action based on the settlement agreement, and these two Defendants' actions in negotiating the settlement, would "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and provide a "question of law or fact common to [both] defendants."  Fed. R. Civ. P. 20(a)(2).  Further, both Defendants, based on Percival's allegations, are located in Jackson, Michigan, and therefore this court would have proper venue over an action with these parties.  As such, the court will dismiss all Defendants except Girard and PLSM.  Percival's amended complaint includes some counts which do not implicate the remaining two defendants: counts 6, 7, 8, 12, 13, 14, and 18.  These counts will be dismissed.

---

[2]  Percival was warned in this court's previous order that many of the Defendants, because of their location, would not have proper venue in this court.  (12/30/08 Order at 12, n.12).  Though the court does not now dismiss any Defendants because of their likely improper venue, it is one more factor, in addition to their clear misjoinder under Federal Rule of Civil Procedure 20(a)(2), that supports their dismissal.

## II.  CONCLUSION

IT IS ORDERED that all Defendants, except Defendants Sandra Girard and Prison Legal Services of Michigan, are DISMISSED without prejudice.  The remaining Defendants ARE DIRECTED to file an answer to Percival's amended complaint on or before **April 7, 2009**.

IT IS FURTHER ORDER that Counts 6, 7, 8, 12, 13, 14, and 18, contained in Percival's "First Amended Complaint," are DISMISSED without prejudice.

Finally, IT IS ORDERED that the Clerk of the Court is DIRECTED to AMEND the caption to reflect the remaining parties as follows:

LEON PERCIVAL,

    Plaintiff,

v.

SANDRA GIRARD, and
PRISON LEGAL SERVICES OF MICHIGAN,

    Defendants.

All future filings should reflect this new caption but retain the existing case number. IT IS SO ORDERED.

                                      S/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2009, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522